# In the United States Court of Federal Claims

No. 19-1349T
(Filed: January 14, 2020)

| | |
|---|---|
| IBRAHIM AHMED, <br><br> *Pro Se* Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | *Pro Se*; Dismissal for Lack of Subject Matter Jurisdiction; Rule 12(b)(1); Uniform Federal Lien Registration Act; Provisions of the Internal Revenue Service Restructuring and Reform Act; Tort Claims |

## ORDER OF DISMISSAL

Pending before the court is the United States' ("the government") motion to dismiss the above-captioned case for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). The motion was filed on November 4, 2019. Mot. to Dismiss ("MtD") at 1 (Doc. No. 5). On September 3, 2019, plaintiff, Mr. Ibrahim Ahmed, filed a complaint in this court challenging various federal tax liens filed by the Internal Revenue Service ("IRS") in the state of Georgia. Compl. at 3 (Doc. No. 1); App. to Compl. at 2 (Doc. No. 1-2). In his complaint, Mr. Ahmed alleges the IRS violated the Uniform Federal Lien Registration Act ("UFLRA") by filing these liens on his property and rights to property. Compl. at 2. The UFLRA is a model act that has been adopted by a majority of states and provides a centralized system of filing and indexing federal tax liens. UNIF. FED. LIEN

7018 1830 0001 4963 6526

REGISTRATION ACT (UNIF. LAW COMM'N 1982). Georgia, where the liens for Mr. Ahmed's property were filed, has not adopted the UFLRA but has adopted a lien registration act modeled on the UFLRA's predecessor, the Federal Tax Lien Act. *See* GA. Code Ann. §§ 44-14-570 to 44-14-574 (West 2019). Mr. Ahmed also alleges that the IRS violated various provisions of the IRS Restructuring and Reform Act ("RRA") of 1998, which amended the Internal Revenue Code ("I.R.C.") of 1986. Pub. L. No. 105-206, 112 Stat. 685. Specifically, Mr. Ahmed alleges violations of I.R.C. §§ 6321, 6322, 6323, 6331, 7426, 7432, and 7433. In general, these provisions govern liens and the rights of taxpayers. Finally, Mr. Ahmed alleges loss of property, loss of consortium, financial undue hardship, emotional stress, pain and suffering, slander of credit, and financial involuntary servitude. He is seeking $875,000.00 in penalties and interest. Compl. at 2-6. In its motion to dismiss, the government argues that all of Mr. Ahmed's claims must be dismissed for lack of subject matter jurisdiction. For the reasons that follow, the government's motion to dismiss is **GRANTED**.

## I. FACTS

Mr. Ahmed contends that the IRS improperly filed federal tax liens on his property for tax years 2013 through 2015, and/or failed to release those liens. App. to Compl. at 2-4, 12-13. Mr. Ahmed attaches a "Demand for Lien Removal," in which he asserts that the federal income tax is voluntary, the I.R.C. was never properly enacted, and that he owes no taxes as he has never been a federal employee, held public office, derived income from a trade or business in the United States, and that he is not a United States person or

United States citizen. *Id.* at 10-11. Mr. Ahmed seeks compensation for the alleged violations of the UFLRA and damages under a variety of legal theories. Compl. at 6.

## II. LEGAL STANDARDS

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because the Tucker Act "does not create any substantive right enforceable against the United States for money damages," a plaintiff must also rely on a relevant money-mandating federal statue, regulation, or provision of the Constitution to establish jurisdiction. *Vondrake v. United States*, 141 Fed. Cl. 599, 601 (quoting *United States v. Testan*, 424 U.S. 392, 398 (1976)), *aff'd sub nom. Drake v. United States*, No. 2018-2135, 2019 WL 5960464 (Fed. Cir. Nov. 13, 2019). Courts have an independent obligation to determine whether subject matter jurisdiction exists, and if the court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Vondrake*, 141 Fed. Cl. at 602.

Mr. Ahmed, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)); *see also Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (holding that plaintiff in the Court of Federal Claims bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence). Although a plaintiff

3

acting *pro se* is generally held to "less stringent standards" of pleading than those of a lawyer, *Mone v. United States*, 766 F. App'x 979, 986 (Fed. Cir. 2019) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), this liberal standard does not extend to a *pro se* plaintiff's jurisdictional burden, which must be proven by a preponderance of the evidence, *Trusted Integration*, 659 F.3d at 1163. *Fid. & Guard. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1997).

## III. DISCUSSION

### A. This Court Lacks Jurisdiction over Plaintiff's Claims under the UFLRA

The UFLRA is a model act that has been adopted by a majority of states and provides a centralized system of filing and indexing tax liens. The UFLRA "applies only to federal tax liens and to other federal liens notices of which under any Act of Congress or any regulation adopted pursuant thereto are required or permitted to be filed in the same manner as notices of federal tax liens." UFLRA § 1. Mr. Ahmed's complaint alleges that the IRS failed to comply with a requirement in the UFLRA that the Secretary of the Treasury (or a delegate) certify notices of a federal tax lien. Compl. at 3. The government moves to dismiss his claims as beyond this court's jurisdiction. MtD at 3. The government argues that this court does not have jurisdiction over the UFLRA because it is a state law. *Id.* at 3-4. The court agrees with the government. As a preliminary matter, Georgia has not adopted the UFLRA. Instead, it has adopted a lien registration act modeled on the UFLRA's predecessor, the Federal Tax Lien Act. *See* GA.

4

Code Ann. §§ 44-14-570 to 44-14-574 (West 2019). As such, Mr. Ahmed incorrectly invokes the UFLRA. Nonetheless, for the reasons that follow this court does not have jurisdiction based on violations of the UFLRA in any event.

As explained above, the UFLRA is implemented through state laws. Claims founded on state law are "outside the scope of the limited jurisdiction of the [United States] Court of Federal Claims." *Soloway v. United States*, 130 Fed. Cl. 400, 405 (2017) (quoting *Sounders v. S.C. Pub. Serv. Auth.*, 1303,1307 (Fed. Cir. 2007)). It is well settled that this court only has jurisdiction over claims against the United States "that are founded upon the United States Constitution, a *federal* statute or regulation, or an express or implied contract with the United States." 28 U.S.C. § 1491(a) (emphasis added); *Walby v. United States*, 144 Fed. Cl. 1, 6 (2019) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). Since the UFLRA, is a state law, not a federal law, this court does not have jurisdiction over claims arising under the UFLRA.

### B. Subject Matter Jurisdiction is Lacking over Plaintiff's Wrongful Levy and Illegal Collection Claims

Mr. Ahmed also alleges violations of various statutes related to wrongful lien and levy and illegal collection under the IRS RRA. Specifically, Mr. Ahmed challenges the IRS's lien and levy actions under I.R.C. §§ 6321, 6322, 6323, and 6331, as well as the procedural requirements set forth in I.R.C. §§ 7426, 7432, and 7433 regarding proceedings by taxpayers and third parties against the IRS for unlawful collection activities. Compl. at 4-5; Reply at 1-3 (Doc. No. 6). The government moves to dismiss his claims as beyond this court's jurisdiction, asserting that this court does not have

jurisdiction over wrongful levy and illegal collection of liens claims and claims for civil damages asserting failure to release a lien, which must be brought in federal district court under I.R.C. § 7433(a) ("[T]axpayer may bring civil action for damages against the United States in a district court of the United States") and I.R.C. § 7432 ("[T]axpayer may bring a civil action for damages against the United States in a district court of the United States."). MtD at 4.

The form and content of lien notices are controlled by federal law. I.R.C. § 6323(f)(3); *Tolotti v. Comm'r*, 83 T.C.M. (CCH) 1436 (T.C. 2002) ("It is well settled that the form and content of a Notice of Federal Tax Lien is controlled by Federal law."), *aff'd*, 70 F. App'x 971 (9th Cir. 2003) (citing *United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 294 (1961)). The I.R.C. "permits taxpayers to bring lawsuits when 'any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated [thereunder]' in connection with federal tax collection." *Wolffing v. United States*, 144 Fed. Cl. 626, 639 (2019) (quoting I.R.C. § 7433(a)). The I.R.C. also permits taxpayers to bring lawsuits when "any officer or employee of the [IRS] knowingly, or by reason of negligence, fails to release a lien." I.R.C. § 7432(a). Such actions, however, may only be brought in federal district court. *Wolffing*, 144 Fed. Cl. at 639; *Brennecke v. United States*, 145 Fed. Cl. 354, 356 (2019). The U.S. Court of Federal Claims is not a federal district court. 28 U.S.C. § 451 (defining "district court" as those courts described in chapter 5 of Title 28 of the United States Code); *see also Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("The Court of Federal Claims is not a district court . . .

."). As such, Mr. Ahmed cannot maintain his wrongful levy and illegal collection claims here. Mr. Ahmed's claims under the IRS RRA therefore must be dismissed for lack of jurisdiction.

### C. Subject Matter Jurisdiction is Lacking over Plaintiff's Claims Sounding in Tort

Finally, Mr. Ahmed's remaining claims must be dismissed for lack of subject matter jurisdiction. The government argues that these claims are beyond this court's jurisdiction on the grounds that these claims sound in tort. MtD at 4. The court agrees with the government. It is well settled that this court does not have jurisdiction over tort claims. 28 U.S.C. § 1491(a)(1) (providing that this court has jurisdiction over claims "not sounding in tort"). Instead, such claims must be commenced in federal district courts. 28 U.S.C. § 1346(b)(1); *see also U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1372 (Fed. Cir. 2013) (holding that the Court of Federal Claims does not have jurisdiction over tort claims); *Simmons v. United States*, 71 Fed. Cl. 188, 194 (2006) (holding that the Court of Federal Claims lacked jurisdiction over tort claims for loss of consortium, mental anguish, undue stress, pain and suffering). Mr. Ahmed's claims sounding in tort must be dismissed for lack of subject matter jurisdiction.

### CONCLUSION

Because this court does not have subject matter jurisdiction over any of the claims in Mr. Ahmed's complaint, the government's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss Mr. Ahmed's complaint for lack of subject matter

jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge